**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

AMERICAN MODERN HOME ) 
INSURANCE COMPANY, ) 
 ) 
    Plaintiff, ) 
 ) 
v. )   Case No. 4:16-cv-215
 ) 
AARON THOMAS, et al. ) 
 ) 
    Defendants. ) 

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO DEFENDANTS/COUNTERCLAIM**
**PLAINTIFFS AARON AND AIMEE THOMASES' COUNTERCLAIM**

  **COMES NOW** Plaintiff/Counterclaim Defendant American Modern Home Insurance Company ("American Modern"), by and through undersigned counsel, and for its Answer and Affirmative Defenses to Defendants/Counterclaim Plaintiffs Aaron and Aimee Thomases' (the "Thomases") Counterclaim, states as follows:

### JURISDICTIONAL ALLEGATIONS

  1.  American Modern admits the allegations contained in this paragraph.

  2.  American Modern admits that Aaron Thomas was a named insured on the policy of insurance at issue in this litigation; however, American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**3.**     American Modern admits that Aimee Thomas was an insured according to the terms and conditions of the policy of insurance at issue in this litigation, however, American Modern denies that Aimee Thomas was a named insured.  American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**4.**     American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**5.**     The allegations in this paragraph state a legal conclusion to which no response is required; however, to the extent a response is required, American Modern denies the allegations contained within this paragraph. Moreover, American Modern denies that Federal jurisdiction exists pursuant to 28 U.S.C. § 1132, which is not a section of the United States Code.

**6.**     The allegations in this paragraph state a legal conclusion to which no response is required; however, to the extent a response is required, American Modern denies the allegations contained within this paragraph.

## ALLEGATIONS COMMON TO ALL COUNTS

**7.**     This paragraph contains no factual allegations to which a response is required; however, to the extent a response is required, American Modern denies the allegations contained in this paragraph.

### The American Modern Insurance Policy

**8.**     American Modern admits that it issued a renter's insurance policy, policy number 0770037840387, to Aaron Thomas with a policy period of

October 5, 2013 to October 5, 2014; however, American Modern denies each and every remaining allegation contained within this paragraph.  However, the copy of the document attached to the Thomases' Counterclaim speaks for itself.

9.     The copy of the document attached to the Thomases' Counterclaim speaks for itself; and therefore, American Modern denies the allegations contained within this paragraph.

10.     American Modern denies the allegations contained in this paragraph.

### The Fire of January 3, 2014

11.     American Modern admits the allegations contained in this paragraph.

12.     American Modern admits the allegations contained in this paragraph.

13.     American Modern admits the allegations contained in this paragraph.

14.     American Modern admits that the Thomases submitted a "Personal Property Claim List" to American Modern; however, American Modern denies each and every remaining allegation contained within this paragraph.

15.     American Modern denies the allegations contained in this paragraph.

### American Modern's Response to the Claim

16.     American Modern admits the allegations contained in this paragraph.

**17.**    American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**18.**    American Modern admits the allegations contained in this paragraph.

**19.**    American Modern admits the allegations contained in this paragraph.

**20.**    American Modern admits the allegations contained in this paragraph.

**21.**    American Modern admits that John Nordyke conducted an interview of Aimee Thomas on January 23, 2014, at which Daniel Bruno, the Fire Marshall for West County EMS & Fire, was also present; however, American Modern denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

**22.**    American Modern admits the allegations contained in this paragraph.

**23.**    American Modern admits that Daniel Bruno, the Fire Marshall for West County EMS & Fire, made this statement; however, American Modern specifically denies that John Nordyke made this statement and specifically denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

4

**24.**    American Modern admits the allegations contained in this paragraph.

**25.**    American Modern admits that John Nordyke conducted his inspection of the interior of the subject property on January 29, 2014; however, American Modern denies each and every remaining allegation contained within this paragraph.

**26.**    American Modern admits that Daniel Bruno, the Fire Marshall for West County EMS & Fire, made statements regarding "likely scenarios;" however, American Modern specifically denies that John Nordyke made this statement and specifically denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

**27.**    American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**28.**    American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**29.**    American Modern admits that Daniel Bruno, the Fire Marshall for West County EMS & Fire, made such statements; however, American Modern specifically denies that John Nordyke made these statements and specifically denies that John Nordyke and Daniel Bruno were working together or in

collusion on their respective independent investigations of the fire at the subject property.

**30.**   American Modern admits that Daniel Bruno, the Fire Marshall for West County EMS & Fire, made such statements; however, American Modern specifically denies that John Nordyke made these statements and specifically denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

**31.**   American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**32.**   American Modern admits that Daniel Bruno, the Fire Marshall for West County EMS & Fire, made such statements; however, American Modern specifically denies that John Nordyke made these statements and specifically denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

**33.**   American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**34.**   American Modern admits that it received a Personal Property Claim List from the Thomases; however, American Modern is without sufficient

6

information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

**35.**   American Modern denies the allegations contained in this paragraph.  American Modern specifically denies that John Nordyke and Daniel Bruno were working together or in collusion on their respective independent investigations of the fire at the subject property.

**36.**   American Modern admits the allegations contained in this paragraph.

**37.**   American Modern admits that John Nordyke conducted his inspection of the interior of the subject property on January 29, 2014; however, American Modern denies each and every remaining allegation contained within this paragraph.

**38.**   American Modern admits that John Nordyke made a request for consideration that a professional electrical engineering firm be brought on board to eliminate the stove and refrigerator as possible sources of ignition, as is John Nordyke's common practice, although one was not necessary as the origin and cause of the fire was clearly removed from either the stove or refrigerator.  American Modern further admits that it denied John Nordyke's request for consideration.

**39.**   American Modern denies the allegations contained in this paragraph.

**40.**   American Modern is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

**41.**   American Modern admits that John Nordyke suggested a modeling of the fire be considered, and that American Modern did not order for a modeling of the fire be done.   American Modern denies each and every remaining allegation contained in this paragraph.

**42.**   American Modern admits that it, through its attorneys at Brown & James, P.C., sent its first letter to the Thomases on June 6, 2014 requesting documents and available dates for their Examinations Under Oath.  American Modern denies each and every remaining allegation contained in this paragraph.

**43.**   American Modern admits that it, through its attorneys at Brown & James, P.C., sent its first letter to the Thomases on June 6, 2014 requesting documents that it was entitled to request under the terms of the insurance policy and Missouri law.  American Modern denies each and every remaining allegation contained in this paragraph.

**44.**   American Modern admits that it, through its attorneys at Brown & James, P.C., sent its first letter to the Thomases on June 6, 2014 requesting documents and available dates for their Examinations Under Oath and that said letter informed the Thomases that the production of documents and submission to EUOs was a condition of the policy of insurance in which they presented a claim, that the failure to produce the requested documents and

records before their EUO may delay the resolution of their claim, and that American Modern was continuing its investigation of the claim.   American Modern denies each and every remaining allegation contained in this paragraph.

**45.**   American Modern admits that the Thomases' EUOs took place on October 30, 2014; however, American Modern is without sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

**46.**   American Modern admits that it requested the Thomases to provide blank authorizations so that it could obtain financial information and cell phone records which had not been previously provided.  American Modern also admits that it informed the Thomases that the production of documents was a condition of the policy of insurance in which they presented a claim and that American Modern was continuing its investigation of the claim.  American Modern denies each and every remaining allegation contained in this paragraph.

**47.**   American Modern admits the allegations contained in this paragraph.

**48.**   American Modern admits that it, through its attorneys at Brown & James, P.C., sent a letter to the Thomases on October 5, 2015 informing them that had obtained records from Fifth-Third Bank, that it was working on obtaining records from Bank of America and Sprint, that they would review those documents and determine if any follow-up investigation is necessary, and

that its investigation was ongoing. American Modern denies each and every remaining allegation contained in this paragraph.

**49.** American Modern admits that it, through its attorneys at Brown & James, P.C., sent a letter to the Thomases on January 5, 2016 informing them that had obtained records from Sprint, that they would review those documents and determine if any follow-up investigation is necessary, and that its investigation was ongoing. American Modern denies each and every remaining allegation contained in this paragraph.

**50.** American Modern admits that it filed its Complaint in this matter on February 17, 2016; however, American Modern denies each and every remaining allegation contained in this paragraph.

**51.** American Modern admits that it never denied the claim made by the Thomases, and instead filed the instant action seeking a judicial determination of coverage under the insurance policy. American Modern denies each and every remaining allegation contained in this paragraph.

### COUNT I: DECLARATORY JUDGMENT AGAINST AMERICAN MODERN

**52.** American Modern incorporates its responses to paragraphs 1 through 51 as if set forth herein.

**53.** American Modern admits that there is an actual and justiciable controversy between American Modern and the Thomases; however, American Modern denies each and every remaining allegation contained within this paragraph.

**54.**   This paragraph contains no factual allegations to which a response is required; however, to the extent a response is required, American Modern denies the allegations contained in this paragraph.

**55.**   This paragraph contains no factual allegations to which a response is required; however, to the extent a response is required, American Modern denies the allegations contained in this paragraph.

### Count II: Vexatious Refusal to Pay

**56.**   American Modern incorporates its responses to paragraphs 1 through 55 as if set forth herein.

**57.**   The allegations in this paragraph state a legal conclusion to which no response is required; however, to the extent a response is required, American Modern denies the allegations contained within this paragraph.

**58.**   The allegations in this paragraph state a legal conclusion to which no response is required; however, to the extent a response is required, American Modern denies the allegations contained within this paragraph.

**59.**   American Modern denies the allegations contained in this paragraph.

**60.**   American Modern denies the allegations contained in this paragraph.

**61.**   American Modern denies the allegations contained in this paragraph including subparagraphs (i) through (vi).

**62.**   American Modern denies the allegations contained in this paragraph.

**63.**    American   Modern   denies   the   allegations   contained   in   this paragraph including subparagraphs (i) through (x).

**19.**[1]    American   Modern   denies   the   allegations   contained   in   this paragraph.

**20.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

**21.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**64.**    American   Modern   incorporates   its   responses   to   paragraphs   1 through 63 and 19 through 21 as if set forth herein.

**65.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

**66.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

**67.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

**68.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

**69.**    American   Modern   denies   the   allegations   contained   in   this paragraph.

---

[1]    It appears that the Thomases have inadvertently misnumbered the next three paragraphs as 19-21, instead of as 64-66.   For ease of reference, American Modern will follow the Thomases' numbering.

**70.** American Modern denies the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

**A.** For further Answer and for its First Affirmative Defense, American Modern states that the Thomases' Counterclaim fails to state a claim upon which relief can be granted.

**B.** For further Answer and for its Second Affirmative Defense, American Modern states that the Thomases' Counterclaim for Intentional Infliction of Emotional Distress ("IIED") must fail because in first party insurance cases under Missouri law no tort claim can supplant or supplement "the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. 2000); *see also Catron v. Columbia Mut. Ins. Co.*, 723 S.W.2d 5, 6 (Mo. 1987) (denying insured's tort claim against insurer, holding that allowing an insured "to bring a prima facie tort action . . . would circumvent the will of the legislature in enacting the vexatious delay and the exemption statutes.").

**C.** For further Answer and for its Third Affirmative Defense, American Modern states that the Thomases' Counterclaim for Intentional Infliction of Emotional Distress ("IIED") must fail because the Thomases provide no facts establishing that Aimee Thomas' emotional distress is medically diagnosable and medically significant.

**D.**     For further Answer and for its Fourth Affirmative Defense, American Modern states that the Thomases' Counterclaim for Vexatious Refusal to Pay must fail because American Modern is entitled to a judicial determination on an open question fact, i.e., whether the Thomases intentionally set the fire at the subject property, without being penalized for vexatious refusal to pay.

**E.**     For further Answer and for its Fifth Affirmative Defense, American Modern states that the Thomases' Counterclaim for Vexatious Refusal to Pay must fail because American Modern is authorized to do business in Missouri and, thus, Mo. Rev. Stat. § 375.296 is inapplicable to this matter.

**F.**     For further Answer and for its Sixth Affirmative Defense, American Modern states that the Thomases' Counterclaim for Vexatious Refusal to Pay must fail because the Unfair Claims Settlement Practices Act, Mo. Rev. Stat. §§ 375.1000 et seq., does not allow for a private cause of action and, thus, any breaches of the act by American Modern cannot form the basis for the Thomases' counterclaim for vexatious refusal to pay.  *See* Mo. Rev. Stat. § 375.1000.2; *Roller v. Am. Modern Home Ins. Co.*, 484 S.W.3d 110, 118 (Mo. App. W.D. 2015).

**G.**     For further Answer and for its Seventh Affirmative Defense, American Modern states that the Thomases' Counterclaim for Vexatious Refusal to Pay must fail because under Missouri law, no fiduciary relationship exists between an insurer and its insured in first party insurance cases. *Pool v. Farm Bureau Town & Country Ins. Co. of Missouri*, 311 S.W.3d 895, 907 (Mo.

App. S.D. 2010).    Thus, American Modern does not owe any fiduciary obligations to the Thomases and any alleged breach of a fiduciary obligation cannot form the basis for the Thomases' counterclaim for vexatious refusal to pay.

**H.**    For further Answer and for its Eighth Affirmative Defense, American Modern states that the Thomases' Counterclaim for Vexatious Refusal to Pay must fail because under Missouri law, there is no independent duty of good faith and fair dealing imposed on an insurer when dealing with its insured in first party insurance cases.    *Kruse Concepts, Inc. v. Shelter Mut. Ins.*, 16 S.W.3d 734, 738 (Mo. App. E.D. 2000), citing *State ex rel. Safeco National Insurance Company v. Rauch*, 849 S.W.2d 632, 634–635 (Mo. App. E.D. 1993). Thus, any alleged breaches of the duty of good faith and fair dealing, which does not exist between American Modern and the Thomases, cannot form the basis for the Thomases' counterclaim for vexatious refusal to pay.

**I.**    For further Answer and for its Ninth Affirmative Defense, American Modern states that, based on its extensive investigation of the facts and circumstances surrounding the claimed loss, American Modern reasonably concluded that the Thomases intentionally concealed and/or misrepresented material facts or circumstances, engaged in fraudulent conduct, dishonest or criminal conduct or made false statements surrounding the claimed loss, the claim presented, and the insurance including, but not limited to, the cause of the damage, the extent of the damage, the existence, amount and value of their personal property loss, and other related matters.    As such, the Thomases are

15

barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy provisions:

**CONDITIONS APPLYING TO ALL COVERAGES**

***

2.    **CONCEALMENT, MISREPRESENTATION OR FRAUD**

This policy shall be void if any **insured**, whether before or after a loss, has intentionally concealed or misrepresented any material fact or circumstance or made false statements or engaged in fraudulent conduct relating to this policy.

***

**J.**    For further Answer and for its Tenth Affirmative Defense, American Modern states that, based on its extensive investigation of the facts and circumstances surrounding the claimed loss, American Modern reasonably concluded that said fire was intentionally and willfully set by or at the direction of the Thomases with the intent to cause such loss.  As such, the Thomases are barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy provisions:

**DEFINITIONS**

1.    **Accident** means an undesigned, unexpected and rapidly occurring event.

***

13.   **Occurrence** means an **accident** including exposure to conditions or repeated exposure to the same harmful conditions.

***

**PROPERTY SECTION**

16

\*\*\*

**4.     ALL SUBJECT TO THE FOLLOWING EXCLUSIONS**

\*\*\*

   b.     **LOSS NOT COVERED BY THIS INSURANCE**

   We do not insure you against loss of or damage to covered property resulting directly or indirectly from any of the following, however caused:

\*\*\*

   (8)     Intentional Loss

      (a)     We will not pay for loss or damage arising out of any act committed:

         1.     By or at the direction of an "insured"; and

         2.     With the intent to cause a loss.

\*\*\*

**LIABILITY SECTION**

\*\*\*

**EXCLUSIONS**

This policy does not apply to:

\*\*\*

   10.     **bodily injury** or **property damage** which is intended or expected by any one or more **insureds**.

   11.     **bodily injury** or **property damage** caused by the willful act of any **insured**.

   12.     **bodily injury** or **property damage** arising out of the willful violation of a penal statute or ordinance committed by or with the consent any **insured**.

17

13.     any obligation of any **insured** arising out of fraud committed by any **insured**.

***

**CONDITIONS APPLYING TO ALL COVERAGES**

***

2.     **CONCEALMENT, MISREPRESENTATION OR FRAUD**

This policy shall be void if any **insured**, whether before or after a loss, has intentionally concealed or misrepresented any material fact or circumstance or made false statements or engaged in fraudulent conduct relating to this policy.

***

**K.**     For further Answer and for its Eleventh Affirmative Defense, American Modern states that, based on its extensive investigation of the facts and circumstances surrounding the claimed loss, American Modern reasonably concluded that The Thomases failed to cooperate and failed to comply with their responsibilities in the claim and investigation including, but not limited to, failing to protect the property from further damage, failing to timely submit a Sworn Statement in Proof of Loss, failing to produce requested documents in support of the claim, failing to produce themselves for their Examinations Under Oath and other related matters.  As such, the Thomases are barred from recovery under the insurance policy and no coverage for the claimed loss exists pursuant to the following policy provisions:

**PROPERTY SECTION**

***

5.     **ALL SUBJECT TO THE FOLLOWING CONDITIONS**

18

\*\*\*

c.   **DUTIES AFTER A LOSS**

In the event of a loss covered by this policy you shall:

\*\*\*

(3)   file with us a detailed sworn statement of loss within ninety (90) days of discovery of such loss, unless the time is extended in writing by us.

(4)   do all things and produce all documents reasonably required for establishing values, loss, damage and coverage for the loss.

\*\*\*

(6)   submit to examinations under oath by any person named by us and subscribe the same.

\*\*\*

**CONDITIONS APPLYING TO ALL COVERAGES**

\*\*\*

6.   **YOUR DUTIES IN THE EVEN OT AN OCCURRENCE, ACT, CLAIM OR SUIT**

\*\*\*

b.   If a claim is made or suit is brought against any **insured**, we must be promptly notified in writing.  You and any other involved **insured** must:

\*\*\*

(3)   cooperate with us in the investigation, settlement or defense of the claim or suit.

\*\*\*

19

**L.**   For further Answer and for its Twelfth Affirmative Defense, American Modern states that American Modern has sustained damage as a result of the intentional destruction of the subject property, fraud, misrepresentation, and/or breach of the insurance policy conditions in that American Modern may become obligated to make an indemnity payment to Defendant Thiemann Real Estate, LLC for damage to property.  In the event that payment is due, American Modern is entitled to recoup and/or recover the amount of said payment to Thiemann from the Thomases; alternatively, American Modern is entitled to a set-off in the amount of said payment to Thiemann against any judgment in favor of the Thomases.

**M.**   For further Answer and for its Thirteenth Affirmative Defense, American Modern states that American Modern has also sustained damage as a result of the Thomases' fraud, misrepresentation, and/or breach of the insurance policy conditions in that American Modern has incurred substantial expenses for claim response, investigation, adjusting, and evaluating, as well as costs for court reporters, photocopies, telephone, facsimile, and postage. Moreover, American Modern has incurred substantial expenses for attorneys' fees, which continue to accrue.  American Modern is entitled to recoup and/or recover the amount of said expenses from the Thomases based on special circumstances and otherwise.

**N.**   For further Answer and for its Fourteenth Affirmative Defense, American Modern states that the Thomases' claim for vexatious refusal to pay damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth

Amendments of the Constitution of the United States of America, as well as the Constitution of the State of Missouri, in the following respects:

  **1.** The Thomases' claim for damages for vexatious refusal to pay violates the Fifth Amendment for the following reasons:

    **a.** The Double Jeopardy Clause is violated because multiple awards can be imposed upon American Modern for the same act or omission, and because an award of damages for vexatious refusal to pay can be imposed upon American Modern regardless of whether American Modern was convicted or acquitted of a factually related offense in a criminal proceeding;

    **b.** The Self-Incrimination Clause is violated because American Modern can be compelled to give testimony against itself;

  **2.** The Thomases' claim for damages for vexatious refusal to pay violates the Sixth and Fourteenth Amendments because such damages may be imposed based upon a burden of proof applicable in civil cases, whereas such damages are a fine or penalty and are quasi-criminal in nature;

  **3.** The Thomases' claim for damages for vexatious refusal to pay violates American Modern's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of damages for vexatious refusal chills American Modern's exercise of that right;

  **4.** The Thomases' claim for vexatious refusal to pay violates the Eighth Amendment's guarantee that excessive fines shall not be imposed;

**5.** The Thomases' claim for vexatious refusal to pay violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment for the following reasons:

**a.** The standard or test for determining the requisite mental state of American Modern for the imposition of damages for vexatious refusal to pay is void for vagueness;

**b.** The tests or standards for determining the imposition of damages for vexatious refusal to pay and the amount of said damages fail to provide adequate procedures to safeguard American Modern's rights;

**c.** The tests or standards for the imposition of damages for vexatious refusal to pay differ from State to State such that a specific act or omission of a given defendant may or may not result in the imposition of damages for vexatious refusal to pay, or may result in differing amounts of damages for vexatious refusal to pay, depending upon the State in which suit is filed, such that American Modern is denied equal protection of the law.

**O.** For further Answer and for its Fifteenth Affirmative Defense, American Modern states that the Thomases' claim for Intentional Infliction of Emotional Distress must fail because any alleged damages were caused, in whole or in part, by the intentional act, contributory negligence and/or comparative fault of others whom Defendant had no legal duty or right to control.

**P.** For further Answer and for its Sixteenth Affirmative Defense, American Modern states that the Thomases' claim for Intentional Infliction of

Emotional Distress must fail because the Thomases' own conduct and/or the conduct of others whom Defendant had no legal duty or right to control was the sole and proximate cause of the Thomases' alleged damages, and therefore, the Thomases' cause(s) of action are barred by his own negligence and/or the intervening/superseding acts of negligence of the others.

**Q.**     For further Answer and for its Seventeenth Affirmative Defense, American Modern states that it reserves the right to assert any additional affirmative defenses, whether known or unknown, to which it may be entitled under the United States and Missouri Constitutions, any federal or state law, and/or any common law and reserves the right to amend this Answer to include additional defenses after the completion of discovery.

**WHEREFORE** Plaintiff American Modern Home Insurance Company, having fully answered Defendants Aaron and Aimee Thomases' Counterclaim, respectfully requests that this Court dismiss the Counterclaim with prejudice, for its costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,


*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #51792
Christopher J. Seibold, #58831
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com
cseibold@bjpc.com

**ATTORNEYS FOR PLAINTIFF AMERICAN MODERN HOME INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of February, 2017, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served upon all counsel of record via the court's electronic filing system.

Mr. Kenneth R. Heineman
Husch Blackwell, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

Mr. Jonathan R. Waldron
Lathrop & Gage, LLP
Pierre Laclede Center
7701 Forsyth Blvd., Suite 500
Clayton, MO 63105

**Attorney for Defendants Aaron and Aimee Thomas**

**Attorney for Defendants Aaron and Aimee Thomas**


*/s/ Corey L. Kraushaar*

13464458