UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN MODERN HOME | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 215 CDP |
| | ) |
| AARON THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff American Modern Home Insurance Company brings this declaratory judgment action seeking a declaration that there is no coverage under a renters' insurance policy issued to defendants Aaron and Aimee Thomas on their claim for property damage caused by fire. In their counterclaim, the Thomases raise claims of vexatious refusal to pay and intentional infliction of emotional distress, which American Modern Home now moves to dismiss for failure to state a claim.[1] For the following reasons, I will permit these claims to proceed.

## **Legal Standard**

American Modern Home moves to dismiss the Thomases' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. When reviewing a Rule 12(b)(6)

---

[1] The counterclaim also seeks a declaration that American Modern Home must pay all amounts due under the policy. This claim is not a subject of the motion to dismiss.

motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in favor of the complaining party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the complaining party will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

**Discussion**

A.  <u>Vexatious Refusal to Pay</u>

In Count II of their counterclaim, the Thomases invoke Mo. Rev. Stat. §§ 375.296 and 375.420 to allege that American Modern Home's failure and refusal to pay on their insurance claim amounts to vexatious refusal to pay under Missouri law.

To the extent the Thomases invoke § 375.296 as a basis for recovery, I will grant the motion to dismiss. The present state of Missouri law supports American Modern Home's argument that § 375.296 applies only to insurance companies not

authorized to transact business in the State of Missouri.  *See Irish v. Allied Prop. & Cas. Ins. Co.*, No. 13-05015-CV-SW-JTM, 2013 WL 3773982, at *2 (W.D. Mo. July 18, 2013) (citing Missouri cases).  Because American Modern Home is authorized to do business in Missouri, the Thomases cannot recover against it on a claim of vexatious refusal to pay brought under § 375.296.  Accordingly, to the extent Count II seeks recovery under § 375.296, it will be dismissed for failure to state a claim.  The claim survives, however, under § 375.420 and will be permitted to go forward.  *Irish*, 2013 WL 3773982, at *2.

I will also grant American Modern Home's motion to the extent it seeks to dismiss the Thomases' claim that American Modern Home's conduct giving rise to their claim of vexatious refusal to pay also violated Mo. Rev. Stat. § 375.1000 and constituted a breach of its fiduciary duty of good faith and fair dealing.  The Thomases concede that they cannot bring a private cause of action under § 375.1000 and, further, aver that they intended to assert only a statutory claim of vexatious refusal to pay and not a common law claim of breach of fiduciary duty.

Finally, to the extent American Modern Home argues that Count II fails to state a claim generally because an insurer may seek a judicial determination of a factual question without being penalized for vexatious refusal to pay, I will deny the motion.  American Modern Home's averments in support of this argument rely on matters outside the pleadings, which I may not consider on a Rule 12(b)(6)

motion to dismiss. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

B.    Intentional Infliction of Emotional Distress

In Count III of their counterclaim, the Thomases sufficiently allege that American Modern Home engaged in tortious conduct independent and "quite distinct" from conduct merely constituting breach of an insurance contract. That this conduct is alleged to have occurred during the course of American Modern Home's investigation into the Thomases' insurance claim does not immunize the insurer against this tort claim. *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68-69 (Mo. banc 2000).

Further, contrary to American Modern Home's assertion, it is not apparent from the face of the counterclaim that the alleged tortfeasor was an independent contractor for whom American Modern Home cannot be held vicariously liable. *Cf. C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (affirmative defense can provide basis for dismissal under Rule 12(b)(6) if defense is apparent on face of complaint). Nor are the Thomases required to plead facts disproving this affirmative defense in order to state a claim for relief. *See Enervations, Inc.*, 380 F.3d at 1069.

I will therefore deny the motion to dismiss directed to Count III of the counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff American Modern Home Insurance Company's Motion to Dismiss Counts II and III of Defendants' Counterclaim [80] is **GRANTED** in part and **DENIED** in part as set out above. Defendants Aaron and Aimee Thomas are permitted to proceed on the claims raised their counterclaim, with Count II being limited to a claim of vexatious refusal to pay under Mo. Rev. Stat. § 375.420.

                                                          _____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2017.