UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN MODERN HOME | ) |  |
|---|---|---|
| INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:16 CV 215 CDP |
|  | ) |  |
| AARON THOMAS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

After I granted defendants Aaron and Aimee Thomas' motion to quash the deposition of Carl Welcher, plaintiff American Modern Home Insurance Company filed a motion to alter or amend the Order seeking various forms of alternative relief. I denied the motion. American Modern Home has now filed a second motion to alter or amend my previous ruling, asking that I permit the deposition of Welcher to go forward and, further, to clarify whether I will permit it to present opinion evidence and testimony from Welcher at trial. The Thomas defendants have likewise filed a motion relating to Carl Welcher, and specifically, to bar opinion evidence and testimony at trial from this proposed expert witness. I will deny American Modern Home's motion to alter or amend, and I will grant the Thomas defendants' motion to exclude.

I have thoroughly reviewed the parties' motions, related submissions, and

their respective arguments relating to Carl Welcher. I have also gone back and re-reviewed my ruling on defendants' previous motion to quash, the parties' filings in relation to that ruling, and the transcript of the motion hearing held February 28, 2017, at which the subject of Welcher's disclosure was addressed on the record. Upon careful consideration of all of these matters, I will not permit Welcher to testify at trial as an expert. Nor will I permit American Modern Home to admit his expert report or his opinion evidence at trial. American Modern Home untimely and improperly disclosed Welcher, and the circumstances surrounding this disclosure as described on the record at the February 2017 hearing render the manner and nature of his disclosure suspect.

Further, the filings before the Court demonstrate that Welcher's opinion evidence is cumulative to other opinion evidence secured by American Modern Home, does not offer anything new or independent of this other evidence, and would merely serve to bolster these other experts' opinions. Moreover, contrary to American Modern Home's assertion, defendants' expert Jim Kuticka did not testify at his deposition that he relied in any respect on Welcher's report, photographs, or opinions in forming his own expert opinions. Finally, based upon American Modern Home's representation to the Court that it did not learn of Welcher's identity and did not know that he had a report until the eve of his disclosure by Thiemann Real Estate in mid-February 2017 (*see* Hrg. Tr., ECF #96 at p. 14), I find

American Modern Home's current argument that Welcher's opinion serves to refute the Thomases' claim against it for vexatious refusal to pay to be disingenuous at best, given the pendency of the Thomases' insurance claim since January 2014 and the pendency of this litigation brought by American Modern Home in February 2016.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff American Modern Home Insurance Company's Second Motion to Alter/Amend the Court's Order Quashing the Deposition of Carl Welcher [153] is **DENIED.**

**IT IS FURTHER ORDERED** that the Thomas defendants' Motion to Bar Expert Opinion Testimony of Carl M. Welcher, Jr. [158] is **GRANTED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2018.