IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN MODERN HOME INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 4:16-cv-215-CDP |
| AARON THOMAS, et al., | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE POLICE AND FIRE REPORTS

Defendants, Aaron and Aimee Thomas (the "Thomases"), through their undersigned appointed counsel, respectfully request that this Court bar American Modern Home Insurance Company ("Plaintiff") from referencing or entering into evidence any police or fire investigatory report in this case.  In support, the Thomases state as follows:

1.      A central contested issue in this case is the cause and origin of the January 3, 2014 fire at the Thomases' apartment.

2.      The parties have secured separate expert witnesses to testify regarding the cause and origin of the fire.  During the trial, the parties will have the opportunity to examine and cross-examine these and any other relevant fact witnesses and present admissible documentary evidence.

3.      Plaintiff has listed several Manchester Police Department and West County Fire Reports on Plaintiff's List of Exhibits (Doc. 230), suggesting Plaintiff intends to admit these investigative reports into evidence at trial.

4.      These reports should be excluded under Federal Rule of Evidence 403 and 802.

5.      First, these reports are inadmissible hearsay.  Federal Rule of Evidence 802 provides that hearsay is not admissible unless a relevant authority specifically provides otherwise.  Federal Rule of Evidence 801 defines hearsay as a statement made outside of the current trial or hearing which a party offers in evidence to prove the truth of the matter asserted in the statement.  These reports are the written statements of individuals made outside of the trial, and Plaintiff appears to intend to offer them as substantive evidence—i.e., as proof of the truth of the assertions therein regarding what happened at the apartment fire or during the investigation of that fire.  They are, in short, "hearsay" as defined in Fed. R. Evid. 801.  Not only are these reports themselves hearsay, but an inspection of their contents reveals that they contain double hearsay and, in some cases, triple hearsay.

6.      No hearsay exception applies to these reports. *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) ("[p]olice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer") (quoting Fed. R. Evid. 803, 1972 advisory committee's note).  Under Rule 803(8), the reports of public officers may be admissible over hearsay objection *only* if they are "factual findings" and only with respect to matters the officers "perceived with their own senses."  *In re Parmalat Sec. Litig.*, 659 F. Supp. 2d 504, 526 (S.D.N.Y. 2009).

7.      Here, the only firsthand accounts in the Manchester Police Department report are of an officer's initial arrival on the scene, including the evacuation of other tenants from other units and the general observations indicating that a fire had occurred.  These firsthand observations provide needlessly duplicative testimony about a fact not in dispute: namely, that on January 3, 2014, there was an apartment fire.  Further, Plaintiff deposed almost all of these officers and they have been listed on the will call or may call trial witness lists and are within the

- 2 -

subpoena power of the Court to be called live to testify at trial, making even a limited disclosure of the contents of these reports unnecessary to document mere "factual statements" that might arguably not be considered hearsay statements in isolation.

8.     The reports contain, however, notes on and conclusions regarding various interviews, recitations from Bruno's report, and referenced correspondence with various investigators, prosecutors, and laboratory personnel.  These statements are all double hearsay and should not be admitted.  *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) (noting where police report recounted what a citizen told the officer, it was double hearsay and would be inadmissible unless each level of hearsay [fell] within an exception to the hearsay rule"); *United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997) ("hearsay statements by third persons…are not admissible under this exception merely because they appear within public records").  The Police reports, for instance, are not simply factual reports of the officer's senses, but instead detail the officer's assumptions, conclusions,[1] beliefs, and the officer's recounting of other's (hearsay) testimony.  They are, therefore, not admissible.

9.     Similarly, the fire investigative report by Bruno is inadmissible hearsay, replete with references to the statements of other individuals, Mr. Bruno's opinions, his ultimate conclusion that the fire is incendiary, and other argumentative details.  To the extent that any of Mr. Bruno's report contains factual observations—and very little of it does—it is needlessly cumulative to attempt to present the report in a redacted form to a jury.  *See* Fed. R. Evid. 403 ("the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").  Further, the

---

[1]   None of these officers have been disclosed as testifying experts in this matter.

- 3 -

Court has already excluded much of what Mr. Bruno states in his report relating to his assumptions about other's beliefs, his attempts to estimate the value of the Thomases' contents, etc.  Mr. Burno, for all practical purposes, attempted to act like a police officer in investigating this fire, going far beyond simply looking at the empirical evidence to determine the cause and origin of the fire, which is the only expert opinion the Court has permitted Mr. Bruno to testify about.  To the extent there are non-hearsay factual observations, Mr. Bruno will have ample opportunity to provide that testimony himself at trial so long as it does not enter into the realm of expert opinion already excluded by the Court. *See Goens v. S. Union Co.*, No. 09-0422-CV-W-FJG, 2010 U.S. Dist. LEXIS 67884, at *8 (W.D. Mo. July 8, 2010) (granting motion *in limine* to exclude fire department narrative).

10.  Finally, even without reference to the hearsay rule, the contents of these reports should be excluded because they would cause prejudice, confusion, or waste of time.  Under Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The pertinent witnesses, all local police officers likely subject to the Court's subpoena powers, will be available at trial to testify as to the matters touched upon by these reports.  Allowing Plaintiff to use the purported force of official investigations to support its theory—when the result of the police investigation, which relied on Bruno's testimony to begin with, ultimately resulted in no charges—would be unfairly prejudicial and may confuse the jury.  It would also be needlessly cumulative, as the issues of origin and cause will be thoroughly presented to the jury through the parties' expert testimony, fact witnesses, and documentary evidence.

- 4 -

WHEREFORE, Defendants pray that this Court enter a pre-trial order precluding Plaintiff, their attorneys, and all trial witnesses, from presenting as evidence any police or fire investigatory reports, including from presenting any third-party statements recorded within those reports.  Defendants further pray for any other relief this Court deems just and proper.

Respectfully submitted,

/s/ Jonathan R. Waldron
Jonathan R. Waldron, #58898MO
Lathrop Gage LLP
Pierre Laclede Center
7701 Forsyth Blvd., Suite 500
Clayton, MO  63105
(314) 613-2575 (Telephone)
(314) 613-2801 (Facsimile)
jwaldron@lathropgage.com

**and**

Brandan Mueller, # 52277MO
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
Saint Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
brandan.mueller@huschblackwell.com

*Attorneys for Defendants Aaron Thomas and Aimee Thomas*

30162762v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2018, the foregoing was filed utilizing the Court's CM/ECF system, which will serve an electronic copy of the forgoing document to all Counsel of record.

   /s/ Jonathan R. Waldron   

30162762v2