# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN MODERN HOME INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-215 |
| AARON THOMAS and AIMEE THOMAS, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR THE COURT TO TAKE
JUDICIAL NOTICE OF LOCATION OF CELL PHONE TOWER
AND DISTANCE FROM THE CELL PHONE TOWER TO THE
SUBJECT PROPERTY, AND MEMORANDUM OF LAW IN SUPPORT**

**COMES NOW** Plaintiff American Modern Home Insurance Company ("Plaintiff"), by and through undersigned counsel, and for its Motion for the Court to Take Judicial Notice of the Location of a Cell Phone Tower and Distance from the Cell Phone Tower to the Subject Property, and Memorandum of Law in Support, states as follows:

**1.** Per the Court's September 17, 2018 Memorandum and Order, the Court is allowing into evidence at trial the cell phone records of Defendant Aaron Thomas from January 3, 2014, as authenticated by Joseph Trawicki, the Custodian of Records for Sprint.  (*See* ECF Doc. 227).

**2.** Contained in these cell phone records is the latitude and longitude for certain cell phone towers in use as a result of activity on Defendant Aaron Thomas's cell phone.

3.   Federal Rule of Evidence 201 governs judicial notice of adjudicative facts in federal courts.  It provides, in relevant part:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > **(1)**   is generally known within the trial court's territorial jurisdiction; or
> >
> > **(2)**   can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice.** The court:
>
> > **(1)**   may take judicial notice on its own; or
> >
> > **(2)**   must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding.
>
> **(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
>
> **(f) Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. . .

FED. R. EVID. 201; *See also Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 904 (8th Cir. 2017) ("Under Federal Rule of Evidence 201(b), a court may take judicial notice of a 'fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

4.   It is long standing precedent that federal courts can take judicial notice of geographical positions.  *See The Apollon*, 22 U.S. 362 (1824) ("It has

2

been very justly observed at the bar, that the Court is bound to take notice of public facts and geographical positions. . ."); *Boyce Motor Lines v. United States*, 342 U.S. 337, 344 (1952) ("We may, of course, take judicial notice of geography.") (Jackson, J., dissenting); *United States v. Ruiz-Murillo*, 2017 WL 1022807, at *8 (S.D. Ala. Mar. 16, 2017), aff'd, 17-12818, 2018 WL 2472813 (11th Cir. June 1, 2018) (holding that the mapping of GPS coordinates is an objective fact, not subject to reasonable dispute, of which the Court may properly take judicial notice, as readily available online mapping services unequivocally establish the location of coordinates).

5. It is also long standing precedent that federal courts can take judicial notice of the distance between locations. *See Mut. Ben. Life Ins. Co. v. Robison*, 58 F. 723, 732 (8th Cir. 1893) ("The court will take judicial notice that the distance between these places is more than 100 miles."); *Singleton v. Dannie Gilder, Inc.*, 2012 WL 5384879, at *3 (E.D. Mo. Nov. 1, 2012) (Court took judicial notice of the fact that Cape Girardeau is approximately 60 miles from St. Louis on Interstate 57 when traveling from the Chicago, Illinois area, while St. Louis is located about 100 miles north of Cape Girardeau); *Kreisler Drug Co., Inc. Missouri Cvs Pharmacy, LLC v. Naber*, 2016 WL 5844145, at *6 (W.D. Mo. Oct. 4, 2016) (Court took judicial notice that the distance between Clinton, Missouri and Appleton City, Missouri is approximately 20 miles).

6. Furthermore, federal courts have consistently held that Google Maps is "a source whose accuracy cannot reasonably be questioned when used to determine general distances" and that a Court may "take[] judicial notice of

the results of [a] Google Maps search." *Glob. Control Sys., Inc. v. Luebbert*, 4:14-CV-657-DGK, 2015 WL 753124, at *1, n. 2 (W.D. Mo. Feb. 23, 2015) citing *Citizens for Peace in Space v. City of Colo. Springs*, 477 F.3d 1212, 1218 n. 2 (10th Cir.2007) (taking judicial notice of online distance calculations made with Google Maps); *See also United States v. Burroughs*, 810 F.3d 833, 835 n.1 (D.C. Cir. 2016) (same); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (same); *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109 (9th Cir. 2015) (same).

7.      Here, one of the cell phone towers listed on Defendant Aaron Thomas's cell phone records is located at: Latitude 38.579444, Longitude -90.500833.

8.      Plaintiff hereby requests the Court to take judicial notice of the fact that the GPS Coordinates for Latitude 38.579444, Longitude -90.500833 is for a location at, or near the intersection of Highway 141 and Carman Road in Manchester, Missouri.  (*See* Exhibit A, Google Maps Printout for Latitude 38.579444, Longitude -90.500833).

9.      Plaintiff further hereby requests the Court to take judicial notice of the fact that the GPS Coordinates for Latitude 38.579444, Longitude -90.500833 is approximately 2,646.82 feet, or 0.5 miles away from 1205 Pinyon Drive, Manchester, Missouri 63021, the subject property where the fire occurred.  (*See* Exhibit B, Google Maps Printout for Distance between Latitude

4

38.579444, Longitude -90.500833 and 1205 Pinyon Drive, Manchester, Missouri 63021).[1]

**WHEREFORE** Plaintiff American Modern Home Insurance Company respectfully requests that this Court grants it Motion for the Court to Take Judicial Notice and take judicial notice of the approximate location of the above described cell phone tower and the distance between the above described cell phone tower and the subject property where the fire occurred, and for any other relief this Court deems just and appropriate.

Respectfully submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #51792
Christopher J. Seibold, #58831
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com
cseibold@bjpc.com

*ATTORNEYS FOR PLAINTIFF AMERICAN MODERN HOME INSURANCE COMPANY*

---

[1] Google Maps translates the coordinates for Latitude 38.579444, Longitude -90.500833 to the address of 950 Carman Rd., Ballwin, MO 63021.

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of October, 2018, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served upon all counsel of record via the court's electronic filing system.

| | |
|---|---|
| Mr. Kenneth R. Heineman<br>Husch Blackwell, LLP<br>190 Carondelet Plaza<br>Suite 600<br>St. Louis, MO 63105 | Mr. Jonathan R. Waldron<br>Lathrop & Gage, LLP<br>Pierre Laclede Center<br>7701 Forsyth Blvd., Suite 500<br>Clayton, MO 63105 |
| ***Attorney for Defendants Aaron and Aimee Thomas*** | ***Attorney for Defendants Aaron and Aimee Thomas*** |

/s/ Corey L. Kraushaar

20162596.1