# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN MODERN HOME INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:16-cv-215 |
| AARON THOMAS and AIMEE THOMAS, | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CERTAIN OF DEFENDANTS' MOTIONS IN LIMINE

**COMES NOW** Plaintiff American Modern Home Insurance Company ("Plaintiff"), by and through undersigned counsel, and for its Memorandum of Law in Opposition to Certain of Defendants Aaron and Aimee Thomases' ("Defendants") Motions in Limine, states as follows:

### INTRODUCTION

On September 24 and September 28, 2018, Defendants filed various Motions in Limine to exclude certain evidence at trial. Plaintiff hereby files this Memorandum in Opposition addressing the following evidence sought to be excluded by Defendants: (1) the Fire at Defendant Aaron Thomas's Parent's Home (ECF Doc. 246); (2) the Common Area Computer Internet Search History (ECF Doc. 251); (3) Police and Fire Reports (ECF Doc. 254); (4) Cell Site Data Expert Testimony (ECF Doc. 252); and (5) Defendant Aaron Thomas's Prior Criminal Convictions for Statutory Rape and Sodomy (ECF Doc. 241).

I.  **DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF THE FIRE AT DEFENDANT AARON THOMAS'S PARENT'S HOUSE, THE COMMON AREA COMPUTER INTERNET SEARCH HISTORY, AND THE POLICE AND FIRE REPORTS.**

Under Missouri law, to establish a claim for vexatious refusal to pay a party must prove (1) it had an insurance policy with the insurer; (2) the insurer refused to pay; and (3) the insurer's refusal was without reasonable cause or excuse. *Olga Despotis Tr. v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1066 (8th Cir. 2017) (external citations omitted). "The law is well-settled that for an insured to obtain a penalty for an insurance company's vexatious refusal to pay a claim, the insured must show that the insurance company's refusal to pay the loss was willful and without reasonable cause or excuse...." *Id.* at 1067.

Furthermore, it is long standing precedent that "[a]n insurance company, in defending a claim for vexatious refusal, may introduce evidence of the facts and circumstances before it when the company denied liability, to show that the company acted in good faith and upon reasonable grounds to believe it did not have any liability under the policy." *Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. App. W.D. 2008) citing *Jones v. Atlanta Life Ins. Co.*, 247 S.W.2d 314, 316–17 (Mo. App. 1952).  In other words, "[a]n insurance company's right to resist payment upon one of its policies . . . must be determined by the facts as they reasonably appeared to it before the trial" and an insurance company "has the right to refuse payment and to defend a suit with all of the weapons at its command. . . ."  *State ex rel. John Hancock Mut. Life Ins. Co. v. Hughes*, 152 S.W.2d 132, 134 (Mo. 1941).

In defending a vexatious refusal to pay claim, an insurer is entitled to introduce all evidence to refute the claim, including evidence which may be hearsay.  For example, in *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, the insurer sought to introduce various pieces of evidence, including reports by investigators which reported "what witnesses, neighbors, former employees, and investigators of prior fires had told them."  563 F.3d 329, 344 (8th Cir. 2009).  The Eighth Circuit held that although the evidence may have been hearsay if offered for the truth of the matter asserted, the evidence was not offered to prove that any prior statements were true, but rather, were offered to show the information the insurer had received and relied upon in investigating the claim.  *Id.*  The Eight Circuit held that this evidence was properly admitted by the trial court. *See also Tauvar,* 269 S.W.3d at 439–41 (Mo. App. W.D. 2008) (holding that hearsay evidence was admissible to establish the results of the insurer's investigation into the question of liability and to show that it acted in good faith and on reasonable grounds in denying coverage, as the entire report constituted the facts in the insurer's possession and upon which it relied in denying the claim);  *Goodman v. State Farm Ins. Co.*, 710 S.W.2d 423, 424 (Mo. App. E.D. 1986) ("[T]estimony of the defendant's investigator concerning statements made to him by neighbors . . . was properly admitted.  It was offered not for its truth, but to establish the information in the possession of the defendant when it denied plaintiffs' claim.  As such it was relevant to the vexatious refusal to pay allegations injected into the lawsuit by plaintiffs' petition."); *Goffstein v. State Farm Fire and Cas. Co.*, 764 F.2d 522,

525 (8th Cir. 1985) (applying Missouri law in a case involving a police investigation but no criminal charges, and holding, "Defendant was entitled to introduce evidence to refute [a vexatious refusal to pay] claim, including information from the police department that the fire had been intentionally set.").

Here, Defendants injected the issue of vexatious refusal to pay into the lawsuit by filing their Counterclaim.  Plaintiff, in defending these allegations, is entitled to defend against the claim with all of the weapons at its command, determined by the facts as they reasonably appeared to it before the trial, regardless of whether those statements constitute hearsay.  The evidence sought to be excluded by Defendants is relevant to the reasonableness of Plaintiff's investigation of the Defendants' insurance claim and must be admitted into evidence.

### A. EVIDENCE OF PRIOR FIRE AT DEFENDANT AARON THOMAS'S PARENT'S HOUSE.

First, Defendants seek to exclude evidence of Defendant Aaron Thomas's prior fire occurring at his parent's house, based on issues of relevance, focusing almost entirely on the deposition testimony of Fire Marshal Daniel Bruno.  However, Defendants ignore the simple fact that Defendants' prior fire history is relevant in an insurer's investigation as to whether a current fire may be incendiary in nature.  This rings especially true in this matter as Defendant Aaron Thomas told Fire Marshal Bruno a story which was inconsistent with the version Defendant Aaron Thomas told firefighters involved in investigating that fire.  In *Cedar Hill Hardware,* the Eighth Circuit held that it was proper for a

4

court to admit into evidence reports by investigators which reported what "investigators of prior fires had told them." 563 F.3d 329, 344 (8th Cir. 2009).

Thus, evidence of Defendant Aaron Thomas's prior fire is relevant to show the reasonableness of Plaintiff's investigation and should Plaintiff should be entitled to introduce evidence of the same.

### B. EVIDENCE OF THE COMMON AREA COMPUTER INTERNET SEARCH HISTORY.

Second, Defendants seek to exclude evidence of the internet search history contained on the Apartment Complex's common area computer.

Under well-established Missouri law, "an insurer makes an arson claim or defense by showing that its insured intentionally caused or procured the fire." *Farm Bureau Town & Country Ins. Co. of Missouri v. Shipman*, 436 S.W.3d 683, 685 (Mo. App. S.D. 2014). Furthermore, proof can be established by circumstantial evidence. *Id.* (external citations omitted). Thus, "so long as the evidence and the reasonable inferences to be drawn therefrom tend more toward the probability that the fire was brought about by the procurement of the insured, the insurer's burden of submissibility has been sustained." *Id.* quoting *Bateman v. State Farm Fire & Cas. Co.,* 814 S.W.2d 684, 685 (Mo. App. E.D. 1991).

Here, again, Plaintiff is entitled to introduce the information it has received and relied upon in investigating the Defendants' claim. The computer search history is clearly relevant in this regard. Not only did the computer search history contain searches regarding "kitchen fire" and "vegetable oil fire," but, according to Fire Marshal Bruno who repeated the searches, the search

5

results contained nearly verbatim the statements made by Defendant Aimee Thomas regarding her story of the fire. Also, Defendant Aimee Thomas provided a statement that, shortly after arriving on the scene, Defendant Aaron Thomas got onto the computer before Defendants then left the scene to go to McDonald's. Thus, while this evidence may circumstantial, Plaintiff is entitled to consider circumstantial evidence.

Therefore, this evidence is relevant to show the reasonableness of Plaintiff's investigation and Plaintiff should be entitled to introduce the common area's computer search history into evidence.

### C. VARIOUS POLICE AND FIRE REPORTS.

Defendant objects to the admissibility of the various Police and Fire Department reports on the grounds that they contain inadmissible hearsay. However, as discussed in depth above, these reports may be hearsay if offered for the truth of the matter asserted, but, here, they are being offered to show the information Plaintiff had received and relied upon in investigating the Defendants' claim. Thus, these reports are admissible to show the reasonableness of Plaintiff's investigation and the facts as they reasonably appeared to it before the trial.

## II. CELL SITE DATA EXPERT TESTIMONY.

Plaintiff agrees with Defendants that any expert testimony provided by Joseph Trawicki has been stricken by the Court. However, the Court is allowing Mr. Trawicki to "testify as a records custodian to authenticate the cell phone records at issue and to testify as a lay witness regarding the content of

6

these records." (*See* ECF Doc. 227).  While Plaintiff has indicated the complete deposition testimony of Mr. Trawicki on its Exhibit List as exhibits 23 and 24, Plaintiff only intends to read the portions of those deposition transcripts identified in Plaintiff's Deposition Designations.  Plaintiff has included the full transcripts as exhibits at this time, until the Court and the parties determine which portions can and/or will be heard by the jury.

Furthermore, the portions of Mr. Trawicki's depositions designated by Plaintiff complies the Court's Order.  More specifically, Plaintiff has designated those portions in which Mr. Trawicki testifies as the custodian of records to authenticate the cell phone records, as well his testimony in which he describes the contents of the records by indicating what cell tower was active during a specific time period and the latitude and longitude of that specific cell tower.  All of the information that Mr. Trawicki provides is contained in the records themselves and no portions were designated in which he provides expert testimony.

Therefore, because Plaintiff is not seeking to introduce any expert testimony of Joseph Trawicki, the Court should allow into evidence those portions of his depositions designated by Plaintiff.

### III. DEFENDANT AARON THOMAS'S PRIOR CRIMINAL CONVICTIONS FOR STATUTORY RAPE AND SODOMY.

On July 13, 2017, Defendant Aaron Thomas was convicted on one count of "Statutory Rape 1st degree – person less than 12 years of age" and two counts of "Statutory Sodomy 1st degree – victim is less than 12." (*See* Exhibit A, Certified Copy of July 13, 2017 Criminal Case Judgment).  Each of these

7

convictions was for crimes punishable by death or by imprisonment for more than one year.  *See* MO. REV. STAT. § 566.032 ("The offense of statutory rape in the first degree . . . is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless: (1) . . . the victim is less than twelve years of age in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years . . ."); MO. REV. STAT. § 566.062 ("The offense of statutory sodomy in the first degree . . . is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless: (1) . . . the victim is less than twelve years of age, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years . . .").

Defendants are seeking to exclude this evidence on various grounds including (1) the convictions are irrelevant, (2) the probative value of the convictions would be substantially outweighed by the danger of unfair prejudice, (3) a person's character trait cannot be used to prove that a person acted in accordance with that trait on a particular occasion, and (4) Defendant Aaron Thomas was not convicted of a crime involving dishonesty or false statement.

As an initial matter, Plaintiffs agree that Defendant Aaron Thomas's convictions for Statutory Rape and Statuary Sodomy are not admissible under Federal Rules of Evidence 609(a)(2) (crimes involving dishonesty or false statement) or 404(a) (use of character trait to show a person acted in a certain

8

manner on a certain occasion). However, Defendant Aaron Thomas's convictions are highly relevant to Defendant Aaron Thomas's credibility and this relevance far exceeds the potential for any unfair prejudice.

Federal Rule of Evidence 609 provides, in relevant part:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

**(A)** must be admitted, subject to Rule 403, in a civil case . . .;

Fed. R. Evid. 609. There is no question that Defendant Aaron Thomas's convictions for Statutory Rape and Statutory Sodomy are admissible in this matter, subject to a Rule 403 analysis.

In *Cummings v. Malone*, the trial court excluded evidence of the plaintiff's specific criminal convictions. 995 F.2d 817, 821 (8th Cir. 1993). On appeal, the Eighth Circuit reversed holding that the trial court abused its discretion by excluding the specific nature of the plaintiff's felonies. *Id.* at 826. Specifically, the *Cummings* court stated, in part:

> As we noted above, credibility was paramount in this case. Every opportunity to impeach [plaintiff's] credibility was crucial to the defense. . . . Moreover, we conclude that the jury should have heard [plaintiff's] specific convictions. Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath. But most jurors probably do not understand the range of offenses connoted by the term 'felony,' and thus need to know the specific crime in order to evaluate its effect on credibility. Although the trial judge has discretion under Rule 403 to limit inquiry into past convictions, and in an appropriate case might exclude the names of specific crimes under Rule 403, we believe that in a case such as this one, where credibility was so important, the jury should have heard the

9

> specific felonies. The ability to introduce the specific crime is not a license to flaunt its details, however; cross-examiners are limited to eliciting the name, date and disposition of the felony committed. We believe that such a balance sufficiently protects [plaintiff] from unfair prejudice while properly allowing [defendants] to attack his credibility.

*Id.* at 826 (internal citations omitted). In *Cummings*, the plaintiff had convictions for assault and attempted rape. *Id.* at 821; *see also Jones v. Bd. of Police Com'rs*, 844 F.2d 500, 506 (8th Cir. 1988) (finding no abuse of discretion where trial court allowed introduction of defendant's past convictions for rape and forcible sodomy when the jury had to choose between conflicting versions of the evidence and credibility determinations were paramount).

Furthermore, in *U.S. v. Mosby*, the defendant was convicted for being a felon in possession of ammunition. 101 F.3d 1278, 1279 (8th Cir. 1996). The defendant appealed his conviction arguing, *inter alia*, that evidence that he had been convicted of criminal sexual conduct was improperly admitted, as it was cumulative and highly prejudicial. *Id.* While presented as an element of the crime charged, defendant's prior conviction for criminal sexual conduct was also presented as evidence to impeach the defendant's testimony. *Id.* at 1283, fn. 8. On cross examination, the government asked the defendant "if he had been found guilty in January of [1985] for criminal sexual conduct in the first degree," to which the defendant responded "yes," before the cross-examination moved on to other subjects. The Eighth Circuit held "that the district court [did not] abuse[] its discretion in allowing this brief question." *Id.* at 1283, fn. 8, citing *Jones v. Collier*, 762 F.2d 71, 72 n. 2 (8th Cir. 1985) ("In cases such as

this, where dishonesty is not an element of prior convictions, but the credibility of the witnesses is all important, the trial court will not abuse its discretion by admitting such evidence[ of a prior rape conviction].") (alterations in original).

The *Mosby* court, in affirming the trial court's ruling, also stated: "While we agree that evidence that a defendant had once committed a sexual crime may be prejudicial, we do not believe that it is unfairly prejudicial." *Id.* at 1283-84 citing *United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 1996).

The only case cited by Defendants in their Motion is *Foulk v. Charrier*, in which the Eighth Circuit held that the trial court did not abuse its discretion in excluding evidence of the specific nature of the plaintiff's prior criminal convictions for rape and sodomy. 262 F.3d 687 (8th Cir. 2001). The *Foulk* court acknowledged the *Cummings* opinion and distinguished it, in part, on the ground that credibility was not as paramount as it was in *Cummings*. *Id.* at 699.

Here, there is no doubt that Defendant Aaron Thomas's criminal convictions are highly relevant to the assessment of his credibility as a witness. Similar to *Cummings* and *Jones*, there are conflicting versions of the evidence in this case and the credibility of Defendant Aaron Thomas is a paramount issue. Thus, evidence of his specific convictions should be allowed to be introduced in this matter.

As the Eighth Circuit recommended in *Cummings* and *Mosby*, Plaintiff will limit its examination of Defendant Aaron Thomas in this regard to simply eliciting the name, date and disposition of the felonies he has committed. This

11

would sufficiently protect Defendants from any unfair prejudice while properly allowing Plaintiff to attack Defendant Aaron Thomas's credibility with highly probative and relevant evidence.

Therefore, the Court should deny Defendants' Motion in Limine to exclude evidence of Defendant Aaron Thomas's criminal convictions and allow Plaintiff to inquire as to the specific nature of Defendant Aaron Thomas's convictions. At a minimum, Plaintiff requests that the Court allow an inquiry into Defendant Aaron Thomas's criminal convictions while excluding the names of the specific crimes.

Respectfully submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #51792
Christopher J. Seibold, #58831
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com
cseibold@bjpc.com

***ATTORNEYS FOR PLAINTIFF AMERICAN MODERN HOME INSURANCE COMPANY***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of October, 2018, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served upon all counsel of record via the court's electronic filing system.

| | |
|---|---|
| Mr. Kenneth R. Heineman | Mr. Jonathan R. Waldron |
| Husch Blackwell, LLP | Lathrop & Gage, LLP |
| 190 Carondelet Plaza | Pierre Laclede Center |
| Suite 600 | 7701 Forsyth Blvd., Suite 500 |
| St. Louis, MO 63105 | Clayton, MO 63105 |
| ***Attorney for Defendants Aaron and Aimee Thomas*** | ***Attorney for Defendants Aaron and Aimee Thomas*** |

<u>/s/ Corey L. Kraushaar</u>

20173699