IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN MODERN HOME INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 4:16-cv-215-CDP |
| AARON THOMAS, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PRIOR ARREST AND CONVICTION**

Defendants, Aaron and Aimee Thomas ("Defendants" or the "Thomases"), through their undersigned appointed counsel, respectfully submit this Reply in Support of their Motion *In Limine* to Exclude evidence of prior Arrest and Conviction.

**I. The proper reading of Rule 609(a)(1)(A) is that it does not apply if the witness in question is a defendant in either a civil or criminal trial.**

Federal Rule of Evidence 609(a)(1)(A) provides, with respect to impeachment evidence, "[evidence of a felony conviction] must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]"

The most natural reading of this clause is that it only applies to evidence "in which the witness is not a defendant," whether it is a civil or criminal trial. While no reported decisions were found directly addressing this dispute, courts regularly read the qualifier ("in which the witness is not a defendant") as applying to *both* civil and criminal trials. *See Smith v. Nurse*, No. 14-cv-5514, 2016 U.S. Dist. LEXIS 117083, at *7 (N.D. Ill. Aug. 31, 2016) (reading the rule to apply "'in a civil case . . . in which the witness is not a defendant.'") (alteration in original); *In re M&M Wireline & Offshore Servs., LLC*, No. 15-4999, 2017 U.S. Dist. LEXIS 16550, at *15 (E.D. La. Feb. 6, 2017) (reading rule to apply to "a civil or criminal case when the witness is not

a defendant"); *Romero v. Helmerich & Payne Int'l Drilling Co.*, Civil Action No. 15-cv-00720-NYW, 2017 U.S. Dist. LEXIS 120619, at *24 (D. Colo. Aug. 1, 2017) (reading rule as "evidence of the conviction must be admitted, subject to Rule 403, in a civil case in which the witness is not a defendant"). [1]

As the natural reading, it is the proper reading in this Circuit. *See generally Our Lady's Inn v. City of St. Louis*, No. 4:17-CV-01543-AGF, 2018 U.S. Dist. LEXIS 169079, at *20-21 (E.D. Mo. Sep. 30, 2018) (employing the series-modifier cannon, "which 'requires a modifier to apply to all items in a series when such an application would represent a natural construction.'") (citing *U.S. v. Loyd*, 886 F.3d 686, 688 (8th Cir. 2018)).  Aaron Thomas did not initiate this action, is a defendant in this action; this evidence is, therefore, inadmissible character evidence.

**II.     Even if the Court were to accept Plaintiff's interpretation of Rule 609(a)(1)(A), the Court must conduct a Rule 403 analysis and should find admitting the completely unrelated sex crime convictions would unfairly prejudice and mislead the jury.**

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  In the Eighth Circuit, a trial court's exclusion of evidence under Rule 403 is given "*substantial deference*." *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018) (citation omitted) (emphasis in original).

---

[1] Conversely, Defendants' counsel found *no* decisions employing or assuming Plaintiff's proposed reading.  Indeed, Plaintiff's cases have no bearing on this issue. *See Cummings v. Malone*, 995 F.2d 817, 819 (8th Cir. 1993) (civil rights lawsuit concerning violent conduct; admitting evidence of the plaintiff's prior convictions); *Jones v. Bd. of Police Comm'rs*, 844 F.2d 500 (8th Cir. 1988) (civil rights lawsuit, admitting evidence of the plaintiff's prior convictions under earlier and since completely revised version of Rule 609); *United States v. Mosby*, 101 F.3d 1278 (8th Cir. 1996) (criminal case nowhere discussing Rule 609); *Jones v. Collier*, 762 F.2d 71, 72 n.2 (8th Cir. 1985) (civil rights case, briefly mentioning probative value under earlier and since completely revised version of Rule 609 in footnote while holding that the appellant waived the issue).

### A.  The probative value, if any, is extremely small and tenuous.

The probative value of the convictions here is extremely limited.  First, they are not probative of any fact of consequence in this matter.  The fire took place on January 3, 2014.  Charges were filed against Mr. Thomas on November 20, 2015, and he was convicted on July 13, 2017.  The fact the charges and conviction occurred years after the fire means they have no relevance to the cause and origin of this fire.  Further, had Plaintiff made a timely decision on the insurance claim or even if it had chosen to file a declaratory judgment action in 2014, this case may have resolved long before Mr. Thomas' conviction.  Instead, Plaintiff is seeking to obtain a benefit as a direct result of its own unreasonable delay in ruling on Defendants' claim for years.  Had Plaintiff timely decided that claim, or if it had filed suit in 2014, there would have been no conviction present here for Plaintiff to try to use to damage Defendants' credibility.

Further, presenting such evidence to the jury will likely confuse them as to whether the convictions relate to the fire at issue or the events surrounding it.  Even if the Court did not allow anyone to state the nature of the convictions and advised that these convictions did not relate to this fire in any way, it would raise speculation in the jury's mind that it might relate to arson or another fire, especially since the Court has indicated it may allow evidence of the fire that occurred in 2011 at Mr. Thomas's parents' home.

Plaintiff, however, argues that Mr. Thomas's convictions should be admissible for "credibility" purposes.  It is disingenuous to suggest that it is "credibility" that is probative here, when the Federal Rules of Evidence expressly carve out the category of convictions that go to credibility: those involving dishonest acts or false statements, unlike Mr. Thomas's convictions.  *See* Rule 609(a)(2).  Under Eighth Circuit precedent, however, credibility by itself is an insufficient basis to require admissibility.  The Eighth Circuit has held that credibility issues, alone, do not require admission under Rule 403.  *Walker*, 885 F.3d at 540 ("the importance of

witness credibility alone does not require admission") (citing *King v. Ahrens*, 16 F.3d 265, 268-270 (8th Cir. 1994).  Moreover, while Plaintiff argues that placing "credibility" at issue militates in favor of admission, relying on *Cummings v. Malone*, 995 F.2d 817, 819 (8th Cir. 1993), the Eighth Circuit has a narrower take on its own precedent.  *Foulk v. Charrier*, 262 F.3d 687, 700 (8th Cir. 2001) (prior convictions were admitted in *Cummings* because "assessment of [the plaintiff's] credibility was 'paramount' to the outcome of the case, *and* such evidence would have revealed prior inconsistent statements made by the plaintiff") (emphasis in original).  That is not the case here, and so *Cummings* does not control.

Given that the elements of the criminal convictions involved did not require proving a dishonest act or false statement means that the only possible probative value of admitting the fact of the convictions would be to suggest that someone who committed a felony is more likely to lie under oath than someone who has not committed a felony, regardless of the type of felony.  Even if statistics were to back up such a claim, it would be as relevant as allowing the State to advise a jury in a criminal matter that the defendant belongs to a minority group that commits a larger percentage of crime than other minority groups, to suggest that the defendant himself is more likely, therefore, to have committed the crime at issue given his minority status.  Even if that were proved statistically accurate, the probative value would be so tenuous and small to be of little value.  Such is the case here.  The probative value of Mr. Thomas having been convicted of a felony that does not involve a dishonest act or false statement on his character for truthfulness is so tenuous as to have little or no probative value for his veracity or credibility.  Rather, it appears Plaintiff's true motive in bringing out this evidence is to taint the jury against Defendants' case without regard to whether it is actually true that those having committed a felony not involving a dishonest act or false statement are more likely to lie under oath.

### B. The Court must consider the extremely prejudicial effect admitting evidence of Mr. Thomas's convictions would have on co-defendant Mrs. Thomas.

Evidence of prior felony convictions is highly prejudicial, even when the specific nature of the convictions is not stated. This is particularly problematic when the witness in question is a party. *See Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (excluding felony evidence concerning the plaintiff, noting that evidence of felony convictions "can be highly prejudicial and arouse jury sentiment against a party-witness").[2] As a result, Rule 403 requires careful balancing to ensure that any such evidence is weighed carefully for its probative value relative to its prejudicial impact before the Court decides upon its admission.

Admission of the evidence in question would be highly prejudicial to both defendants, not just Aaron Thomas. The nature of the convictions will certainly sour the jury's attitude against Mr. Thomas, but it will likely also poison the jury's attitude against Mrs. Thomas, in spite of the lack of a relationship between her and the convictions. Mrs. Thomas, because she and Mr. Thomas are co-defendants and both insureds under the same renter's insurance policy with American Modern, would equally share in the prejudice that would result if evidence of Mr. Thomas' convictions were admitted. Because of the nature of their testimony, if Mr. Thomas were assumed to be lying, they would have to also assume that Mrs. Thomas was lying since their testimony is consistent with each other. Because she is married to Mr. Thomas, evidence that Mr. Thomas was convicted of three felonies would potentially and unfairly prejudice the jury against her testimony as well. The jury might question her character for staying married to

---

[2] Legal commentators also frequently note that the admission of felony convictions is a highly prejudicial form of evidence. *See, e.g.,* Quentin Brogdon, ADMISSIBILITY OF CRIMINAL CONVICTIONS IN CIVIL CASES, 61 Tex. B.J. 1112, 1112 (1998) ("[i]n a civil jury trial, few types of evidence are more potent than evidence that a witness committed a crime. When a jury hears that a witness committed a crime, the credibility of the witness suffers irreparable damage in the jury's eyes.").

someone convicted of multiple felonies.  The jury would also be more likely to believe such a conviction supported Plaintiff's theory that Mr. Thomas set the fire or pressure his wife into setting the fire – simply because of the convictions rather than any evidence relating to the circumstances of the fire itself.

### C. Aaron Thomas maintains his innocence and has filed an appeal, which is currently pending; the jury will not be able to adequately weigh this factor.

Mr. Thomas has exercised his due process right to appeal his convictions and his appeal has not been decided, which in the end may overturn his convictions.  In fact, the appellant's brief was recently filed with the Missouri Court of Appeals for the Eastern District of Missouri on September 24, 2018.  The jury, however, will be led to assume the truth underlying the allegations that led to his convictions if this testimony is admitted and it would not be able to adequately weigh evidence relating to an appeal.  Mr. Thomas maintains his innocence and will be unfairly prejudice by admission of the fact of his convictions that are pending on appeal even if the jury were instructed that the conviction does not relate to the Thomas' apartment fire.  If Mr. Thomas wins his appeal, it will be too late for this case; the damage would be irreparable.  The Court would not have the opportunity to undue the prejudice of informing the jury of a conviction that no longer existed.  The fact his conviction is not final and may be thrown out when the appeal of this matter is finally decided must be considered in the Rule 403 analysis.

### III. Conclusion

The Federal Rules of Evidence protect defendants against illicit disclosure of prior convictions under Rule 609 against defendants in civil cases where the elements of the crime do not involve proving a dishonest act or false statement.  In addition, no admission of a criminal conviction may occur under Rule 609 where Rule 403 prevents disclosure.  Rule 403 prevents disclosure in this case because the probative value, if any, of even the fact of conviction, is so

tenuous and substantially outweighed by the risk of unfair prejudice to both of the Thomases that it should not be allowed.  These convictions, which occurred years after the fire and had nothing to do with the fire, are currently pending on appeal and may be overturned; they have little probative value of Mr. Thomas's character for truthfulness or his credibility. Yet disclosing the fact of his convictions to the jury would poison the Thomas' defense of this case, and unfairly prejudice both of them.  Accordingly, the Thomases respectfully request the Court grant their motion *in limine* to exclude any evidence of Aaron Thomas's prior arrests or convictions.

                                                     Respectfully submitted,

                                                /s/ Jonathan R. Waldron
                                                  Jonathan R. Waldron, #58898MO
                                                  Lathrop Gage LLP
                                                  Pierre Laclede Center
                                                  7701 Forsyth Blvd., Suite 500
                                                  Clayton, MO  63105
                                                  (314) 613-2575 (Telephone)
                                                  (314) 613-2801 (Facsimile)
                                                  jwaldron@lathropgage.com

                                                  *and*

                                                  Brandan Mueller
                                                  Husch Blackwell LLP
                                                  190 Carondelet Plaza, Suite 600
                                                  Saint Louis, Missouri 63105
                                                  Telephone: (314) 480-1500
                                                  Facsimile: (314) 480-1505
                                                  brandan.mueller@huschblackwell.com

                                                  ***Attorneys for Defendants Aaron Thomas and Aimee Thomas***

30216827v1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2018, the foregoing was filed utilizing the Court's CM/ECF system, which will serve an electronic copy of the forgoing document to all Counsel of record.

　/s/ Jonathan R. Waldron