UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN MODERN HOME | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:16 CV 215 CDP |
| | ) | |
| AARON THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff American Modern Home Insurance Company moves to stay

execution of a $21,153.11 judgment entered against it on October 17, 2018, when a

jury found that its policy exclusions did not apply to defendants Aaron and Aimee

Thomas's insurance claim for property damage and, further, that it vexatiously

refused to pay the Thomases' claim.   American Modern also asks that I waive the

requirement that it post security pending a ruling on its post-judgment motion and,

further, the requirement that it post a supersedeas bond in the event an appeal is

taken.   I will grant the requested stay during the pendency of American Modern's

post-judgment motion, but I will not waive the requirement that it post appropriate

security during the stay.   American Modern's request that I waive the requirement

of a supersedeas bond pending appeal is premature and will be denied.

"On appropriate terms for the opposing party's security, the court may stay

the execution of a judgment – or any proceedings to enforce it – pending

disposition" of certain post-trial motions, including a Rule 50 motion for judgment

as a matter of law and a Rule 59 motion for new trial.   Fed. R. Civ. P. 62(b).   If an

appeal is taken, the appellant may obtain a stay by posting a supersedeas bond, and

the stay takes effect when the Court approves the bond.   Fed. R. Civ. P. 62(d).

"The district court may only stay execution of the judgment . . . if the court provides

for the security of the judgment creditor."   *Peacock v. Thomas*, 516 U.S. 349, 359

n.8 (1996).   The decision to grant a stay is within the Court's discretion.   *Nunley v.*

*Ethel Hedgeman Lyle Acad.*, No. 4:08-CV-1664 CAS, 2010 WL 501465, at *1 (E.D.

Mo. Feb. 8, 2010).   Whether to require a bond and in what amount is likewise

within the discretion of the Court.   *Barfield v. Sho-Me Power Elec. Co-op.*, No.

2:11-CV-04321-NKL, 2015 WL 4159988, at *2 (W.D. Mo. July 9, 2015).

American Modern seeks to stay execution of the judgment pending the

Court's ruling of its post-trial motion brought under Rule 50 and Rule 59 but

provides no reason as to why a stay would be appropriate in the case.   *Contra*

*Nunley*, 2010 WL 501465, at *1 (judgment debtor averred that it would be unable to

fulfill contractual obligations and would likely cease to function if execution of

judgment not stayed).   Other than citing the premature filing of the motion to stay,[1]

---

[1] When American Modern filed this motion to stay, it had not yet filed any post-trial motion to
trigger the Court's discretionary power to grant the stay requested; in fact, it did not file its
post-trial motion until six days later.   But given that the post-trial motion is currently pending, I

the Thomases do not specifically oppose staying execution of the judgment. I will

therefore grant the motion to stay under Rule 62(b) pending disposition of American

Modern's post-trial motion.

However, I will not grant American Modern's related request to waive the

posting of a bond to secure the judgment. The purpose of a bond is to secure a

prevailing party from loss resulting from the stay of execution of the judgment in its

favor. *Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986).

"[T]here is a presumption in favor of requiring a bond, and the party seeking [to]

dispense with the requirement bears the burden of showing why a bond should not

be required." *Barfield*, 2015 WL 4159988, at *2 (internal quotation marks and

citations omitted). *See also United States v. Peters,* 2014 WL 4205065, at *2 (E.D.

Mo. 2014). "[W]here there is some reasonable likelihood of the judgment debtor's

inability or unwillingness to satisfy the judgment in full upon ultimate disposition of

the case and where posting adequate security is practicable," a full bond is

appropriate. *Miami Int'l Realty Co.,* 807 F.2d at 873; *Barfield*, 2015 WL 4159988,

at *2.

Citing factors set out in *Jo Ann Howard & Assocs., P.C. v. Cassity*, No.

---

will consider the motion to stay.

4:09CV01252 ERW, 2015 WL 4478151, at *2 (E.D. Mo. July 21, 2015),[2] American

Modern avers that its size, location, and non-precarious financial situation warrants

a waiver of security here because the collection process would be simple and

American Modern's clear ability to pay the judgment would make the cost of a bond

a "waste." Other than these cursory statements to satisfy the *Jo Ann Howard*

factors, American Modern provides the Court with no information to justify the

absence of security during a stay. *Cf. Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19,

22 (S.D.N.Y. 1996) (party seeking stay with no security must provide information in

justification).

Nevertheless, I have considered the circumstances of this case – and

specifically, that a jury unanimously concluded in October 2018 that American

Modern was vexatious in its refusal to pay on a valid $20,000 insurance claim made

in January 2014; that the insureds have already been made to wait nearly four years

for vindication of their claim under a shadow of uncertainty as to whether the claim

would or would not be paid; that the litigation brought by American Modern during

the delay gave rise to thousands of attorney hours expended and hundreds of

thousands of dollars in attorney's fees and costs incurred on both sides; and that

---

[2] These factors include the "1) complexity of the collection process, 2) amount of time required to
obtain a judgment on appeal, 3) degree of confidence the district court has in the ability of the party
seeking waiver to pay the judgment, 4) whether ability to pay the bond is so plain the cost of the
bond would be a waste, and 5) whether the party seeking waiver is in such a precarious financial
situation the bond would place other creditors in an insecure position."
*Jo Ann Howard & Assocs.*, 2015 WL 4478151, at *2.

American Modern has provided no information to overcome the presumption in favor of a bond – and conclude that a stay of the judgment in this case should be conditioned upon the security of the judgment. This conclusion is supported by American Modern's self-proclamation that posting adequate security in this case is practicable.

Therefore, in order to secure the October 17, 2018, judgment in this case, and in order to secure the stay of execution on that judgment, I will order American Modern to post a bond with sufficient surety. This stay will go into effect upon the posting of the bond and will remain in effect only during the pendency of American Modern's post-trial motion brought under Rule 50 and Rule 59. Disposition of the motion will automatically terminate the stay.

I will not consider American Modern's premature request to stay or waive a bond pending appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff American Modern Home Insurance Company's Motion to Stay Judgment [310] is **GRANTED** to the extent American Modern seeks to stay execution of the October 17, 2018, judgment under Fed. R. Civ. P. 62(b), but **DENIED** to the extent it asks that the posting of appropriate security be waived.

**IT IS FURTHER ORDERED** that, to the extent American Modern seeks to

stay execution of judgment on appeal and waive the posting of a supersedeas bond under Fed. R. Civ. P. 62(d), the motion is **DENIED WITHOUT PREJUDICE.**

      **IT IS FURTHER ORDERED** that upon American Modern's filing of a bond executed by sufficient surety approved by and in a form acceptable to the Clerk of Court, execution of the judgment entered October 17, 2018, is **STAYED** under Fed. R. Civ. P. 62(b).


                                  _____
                                  CATHERINE D. PERRY
                                  UNITED STATES DISTRICT JUDGE


Dated this 26th day of November, 2018.