UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN MODERN HOME | ) | |
|---|---|---|
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 215 CDP |
| | ) | |
| AARON THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

American Modern Home Insurance Company moves under Rule 62, Federal Rules of Civil Procedure, that execution of the amended judgment entered August 22, 2019, be stayed pending appeal.[1] American Modern proffers posting a supersedeas bond in the amount of $1,073,274.78 to secure the stay and asks that it be granted twenty-one days from court approval to post the bond. Neither Aaron nor Aimee Thomas have responded to American Modern's motion, and the time to do so has expired. I will grant the motion and stay execution of the amended judgment. If American Modern fails to file an appropriate supersedeas bond meeting the requirements of Local Rule 13.03 on or before October 17, 2019, I will lift the stay.

---

[1] Although American Modern cites Rule 62(d) as authority to stay execution of judgment pending appeal, Rule 62(d) deals with appeals from interlocutory orders or final judgments affecting injunctions. Neither circumstance is present here.

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The stay takes effect when the court approves the bond and remains in effect for the time specified in the bond. *Id.* "The district court may only stay execution of the judgment . . . if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). The decision to grant a stay is within the court's discretion. *Nunley v. Ethel Hedgeman Lyle Acad.*, No. 4:08-CV-1664 CAS, 2010 WL 501465, at *1 (E.D. Mo. Feb. 8, 2010). Whether to require a bond and in what amount is likewise within the discretion of the court. *Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-04321-NKL, 2015 WL 4159988, at *2 (W.D. Mo. July 9, 2015).

In its motion to stay, American Modern proposes to file a supersedeas bond in the amount of $1,073,274.78, which it contends is sufficient to satisfy the total amount of the amended judgment ($715,516.72), an approximate amount of anticipated post-judgment interest ($1,859.27), and an additional amount of additional attorney's fees the Thomases could potentially recover if they were to prevail on appeal (more than $350,000). American Modern avers that the Thomases agree to the amount of the bond. I will approve the bond for the amount proffered.

American Modern also proposes to file the supersedeas bond within twenty-one days of my approval of the bond amount. While American Modern

does not indicate whether the Thomases agree to this proposal, the time to object has passed and the Thomases have filed no objections. I will therefore grant American Modern's request. American Modern shall have until 4:30 p.m. on Thursday, October 17, 2019, by which to file with the Clerk of Court a supersedeas bond in the amount of $1,073,274.78. The bond shall meet the requirements of Local Rule 13.03. Failure to timely file a supersedeas bond in the amount of $1,073,274.78 that meets the requirements of Local Rule 13.03 will result in the stay being lifted.

Accordingly,

**IT IS HEREBY ORDERED** that American Modern Home Insurance Company's Application for a Stay Pending Appeal and Approval of a Supersedeas Bond [352] is **GRANTED.**

**IT IS FURTHER ORDERED** that American Modern Home Insurance Company shall have until **4:30 p.m. on Thursday, October 17, 2019**, by which to file with the Clerk of Court a supersedeas bond in the amount of **$1,073,274.78** that meets the requirements of Local Rule 13.03. **No extensions of time will be granted.**

**IT IS FURTHER ORDERED** that execution of the amended judgment entered August 22, 2019, is **STAYED** under Fed. R. Civ. P. 62(b), to be released automatically upon conclusion of the matter for which the bond is posted.

**Failure to timely file a supersedeas bond in the amount of $1,073,274.78**

**that meets the requirements of Local Rule 13.03 will result in the stay being lifted.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2019.